UNITED STATES NATIONAL BANK OF OMAHA V. EDGAR M. WESTERVELT ET AL.

FILED JUNE 9, 1898.   No. 8106.

1. **Fraudulent Conveyances:** INTENT. Under our statute, when conveyances are assailed by creditors of the grantor, the question of fraudulent intent is one of fact.

2. ————; RECITALS IN MORTGAGE; EVIDENCE. There exists no rule of

law avoiding a mortgage to secure an existing debt, induced by the hope or agreement that extensions will be granted and payments accepted in installments; and the recital of such purpose in the mortgage does not of itself establish an intent to hinder, delay, or defraud other creditors.

3. **Banks: COLLECTIONS: INSOLVENCY: PREFERENCES.** A bank holding paper for collection merely, and charged with no duty other than its due presentment, if it discharges that duty and is guilty of no misrepresentation or fraudulent concealment, is not forbidden to obtain a preference for a debt owing to itself from the same debtor. *Dern v. Kellogg*, 54 Neb. 560, distinguished.

ERROR from the district court of Hall county. Tried below before KENDALL, J. *Affirmed.*

The opinion contains a statement of the case.

*J. C. Cowin* and *W. D. McHugh*, for plaintiff in error:

The deed conveying the premises to Mr. Hagge is absolutely void as to the creditors of the grantor, for the reason, apparent in the defeasance, that the instrument was made for the benefit of the grantor and to hinder and delay his creditors in the collection of their debts. (*Livermore v. McNair*, 34 N. J. Eq. 478; *Grannis v. Smith*, 22 Tenn. 179; *Harman v. Hoskins*, 56 Miss. 142; *Richards v. Hazzard*, 1 S. & P. [Ala.] 139; *Harris v. Sumner*, 2 Pick. [Mass.] 129; *Owen v. Arvis*, 26 N. J. Law 22; *Pilling v. Otis*, 13 Wis. 553; *Sandlin v. Robbins*, 62 Ala. 477; *Arthur v. Commercial & Railroad Bank*, 9 S. & M. [Miss.] 394; *Hutchinson v. Lord*, 1 Wis. 249; *Robinson v. Robards*, 15 Mo. 319; *Hartman v. Allen*, 9 Lea [Tenn.] 659; *Bowen v. Parkhurst*, 24 Ill. 258.)

*Charles G. Ryan*, also for plaintiff in error.

*O. A. Abbott, J. H. Woolley, W. H. Thompson, George H. Thummel*, and *W. A. Prince, contra.*

IRVINE, C.

Christian A. H. Von Wasmer was indebted to the Citizens National Bank of Grand Island on a number of notes made or indorsed by him, and on overdrafts, and on No-

vember 10, 1893, executed to William A. Hagge, who was vice-president of that bank, a deed absolute in form conveying certain real estate in Grand Island. At the same time there was executed by both Hagge and Von Wasmer a defeasance as follows: "Whereas Christian A. H. Von Wasmer and wife Emma have this day conveyed to William A. Hagge, by their deed in writing, all the following described real estate [describing it], for the expressed consideration of $20,000, subject to two mortgages thereon aggregating $4,300 and accrued interest, now this agreement witnesseth: That this deed was made and intended to operate as a security for any indebtedness now due or to grow due to the Citizens National Bank of Grand Island, Nebraska, whether owed by said Christian A. H. Von Wasmer separately or jointly with others, and for the convenience of the parties thereto, and to enable the said Christian A. H. Von Wasmer to renew and change the form of any existing indebtedness, and to enable him to provide for the payment of the same in installments at such time or times as may by him be deemed to his advantage, now therefore, upon payment of such indebtedness, or any indebtedness which may be incurred in discharge of any prior incumbrance above referred to, the said Christian A. H. Von Wasmer, his heirs or assigns, shall be entitled to demand and receive a reconveyance of said premises upon the tender of the lawful fees therefor." The deed and defeasance were filed together for record November 13, 1893. March 30, 1893, Von Wasmer and others had made their note to the United States National Bank of Omaha for $5,500, payable sixty days after date. After the conveyance to Hagge the Omaha bank began suit on this note and caused the land conveyed to Hagge to be attached as the property of Von Wasmer. The attachment was dissolved, but a supersedeas was effected and the proceedings brought to this court for review. While pending here the Omaha bank obtained judgment in the principal proceeding and caused execution to be levied upon the

land, and seems then to have abandoned the attachment. Meantime the Citizens Bank failed and Westervelt became its receiver. He brought the present suit to foreclose the instruments referred to, as a mortgage, making the Omaha bank a defendant. The Omaha bank by its answer assailed the lien of the plaintiff on two grounds: First, that the conveyance was made to defraud the other creditors of Von Wasmer; second, that a fiduciary relationship existed between the Citizens Bank and the Omaha bank which estopped the former from receiving and asserting any security as against the demands of the Omaha bank. The district court found for the plaintiff and established his lien as prior to that of the Omaha bank. The latter brings the case here by petition in error.

It is asserted that the mortgage was on its face fraudulent, and this chiefly on the ground that it appeared to have been made for the debtor's benefit, the defeasance reciting that its purpose was the convenience of the parties, and to enable Von Wasmer to renew and pay his debt in installments. The finding of the court that there was no fraud is supported by the evidence, if indeed it is not the only finding which the evidence would support. A conveyance may indeed be void on its face, but if so it is because it, by its terms or manner of execution, contravenes some positive provision of law or public policy, or because it discloses an actual fraudulent intent so clearly that if the case were before a jury the court would be justified in directing a verdict because no other finding would be sustained. Under our statute fraudulent intent, when conveyances are assailed by creditors of the grantor, is a question of fact (Compiled Statutes, ch. 32, sec. 20), and it must be always so treated. The instruments on their face constitute a mortgage to a trustee to secure the bank, and as a continuing security. They are made without reservation, and merely express the mortgagor's purpose as being to obtain renewals and to pay in installments. Such a conveyance is not prohibited by law unless made with the intent to hinder, delay, or

defraud creditors. Von Wasmer had a right to prefer the bank; he had a right to obtain, if he could, an extension of the time of payment and an arrangement whereby he could pay in installments. The fact that the granting of such privileges, or the hope that they would be granted, induced him to make the preference, did not disclose an intent to hinder, delay, or defraud others. This is all the instruments showed on their face, and the extrinsic evidence it is not even claimed showed actual fraudulent intent.

On the second question the argument of the Omaha bank is that the Citizens Bank had been made its agent to collect or secure the note held by it, and that it could not, while such agency existed, secure its own claim to the exclusion of its principal's. The reply admits that the Citizens Bank held the note of the Omaha bank for collection, but denies that it had any authority to obtain security, and there is no evidence that it had. The only evidence on the point consists of two letters from the Citizens Bank to the Omaha bank. The first is dated November 1, 1893, and acknowledges receipt of the note for collection, adding: "We will notify parties to-day. You can see Christ Wasmer in Omaha, as he is stopping there most of the time. Address him in Omaha, care Merchants Hotel." The other letter is without date, but acknowledges the receipt of a letter of November 14, so that it was written after the conveyance to Hagge. It gives information as to Von Wasmer's financial condition and advises the Omaha bank not to make expense by employing counsel at that time. We think this proof wholly failed to establish any such state of facts as would estop the Citizens Bank from receiving and asserting its security. The note, so far as appears, was transmitted for collection merely, without special instructions or the Citizens Bank's assuming any special duty. It does not appear that the Citizens Bank neglected any duty imposed upon it. In the recent case of *Dern v. Kellogg*, 54 Neb. 560, a collection agent was held liable where it took

a conveyance of all the debtor's property to itself, to the exclusion of the claim it held for collection. But there the agent had grossly violated its obligations. It had held the paper for a long time and had granted time to the debtor without the knowledge or consent of its principal, and after so doing had taken the security for its own use. Its liability was traced to its disregard of duty. We there said: "We by no means intend to hold that a bank holding paper for collection merely may not, as a general rule, obtain a preference for a debt owing to itself." Business usage and the knowledge that the principal in such cases must be presumed to have as to the relations which the bank holds or may hold with other business men or institutions in the community forbid the application of so harsh a rule. It would prevent a bank's undertaking collections. So long as the collecting agent assumes no other duty than the due presentment of paper, and so long as it discharges that duty and is guilty of no misrepresentation or fraudulent concealment, it is not forbidden to in good faith obtain security for a claim it holds in its own behalf against the debtor. (*Freeman v. Citizens Nat. Bank*, 78 Ia. 150; *First Nat. Bank of Abilene v. Naill*, 52 Kan. 211.) There is nothing in this case to take it out of the rule.

AFFIRMED.